## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

|  |  |
|---|---|
| **ERICSSON INC., and**<br>**TELEFONAKTIEBOLAGET LM ERICSSON**<br>**Plaintiffs,**<br><br>**v.**<br><br>**SAMSUNG ELECTRONICS CO., LTD.,**<br>**SAMSUNG ELECTRONICS AMERICA,**<br>**INC., and SAMSUNG**<br>**TELECOMMUNICATIONS AMERICA LLP,**<br><br>**Defendants.** | **CIVIL ACTION NO.  6:12-cv-895**<br><br><br><br>**JURY TRIAL DEMANDED** |

## ORIGINAL COMPLAINT

Plaintiffs Ericsson Inc. and Telefonaktiebolaget LM Ericsson (collectively, "Ericsson"), file this Original Complaint against Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America LLP, (collectively, "Defendants" or "Samsung"), and allege as follows:

## BACKGROUND

1.     Despite nearly two years of negotiations involving the most senior management of both companies, Samsung has refused to renew its expired license to Ericsson's industry leading portfolio of telecommunication patents on the same fair, reasonable and non-discriminatory terms that Samsung's competitors have previously accepted.  Ericsson has therefore filed this suit against Samsung seeking the court's protection of Ericsson's valuable intellectual property rights.

2.     For more than two decades, Ericsson has pioneered the development of the modern cellular network.  Due to the research and development work of its more than one hundred thousand employees, over one thousand networks with more than two billion subscriptions utilize Ericsson network equipment.  Forty percent of all mobile calls are made through Ericsson systems.  Ericsson's equipment can be found in more than one hundred and eighty countries.

3.     As a result of its extensive research and development efforts, Ericsson has been awarded more than thirty thousand patents worldwide.  Ericsson is widely viewed as one of the leading innovators in the field of cellular telephony.

4.     Ericsson owns and patented hundreds of inventions that are essential to the GSM, GPRS, EDGE, WCDMA, LTE and 802.11 wireless standards ("standard-essential patents").  Ericsson has repeatedly committed to license its standard-essential patents on fair, reasonable, and non-discriminatory ("FRAND") terms.  Ericsson also owns a valuable portfolio of patents that, while not essential to compliance with any industry standards, are globally used to design and manufacture cellular handsets, smartphones, tablet computers, televisions, and many other electronic devices ("implementation patents").

5.     Ericsson has widely licensed its patents.  It has entered into more than one hundred license agreements for its standard-essential patents.  These licenses evidence the FRAND royalties that the telecommunications industry has agreed to pay Ericsson.  Ericsson re-invests much of the licensing revenue it receives under these agreements into inventing the future generation of telecommunications standards.

6.     Samsung previously licensed Ericsson's standard-essential patents in 2001 and renewed that license in 2007.  Samsung's license has now expired.  Samsung has sold

hundreds of millions of unlicensed cellular handsets, smartphones, tablet computers, and televisions since the expiration of its license, including its flagship Galaxy S III smartphone.

7.      Ericsson has extended multiple offers to Samsung to renew the license on FRAND terms during the past two years of negotiations between the parties.  These negotiations have been unsuccessful for the simple reason that Samsung refuses to pay the FRAND rate paid by its competitors for Ericsson's standard-essential patents.  Instead, Samsung demands Ericsson renew its license at a rate that is a small fraction of the rate other similarly situated companies pay Ericsson.  Samsung's refusal to pay a FRAND rate gives it an unfair competitive advantage over its competitors who have licensed Ericsson's patents.

8.      Samsung has a history of manipulating its position on the amount of a FRAND rate depending on whether it finds itself as the licensor or licensee in a particular negotiation.  The most recent example occurred when Samsung asserted its own patents, which it alleged were standard-essential against Apple.  At the trial of that matter in the United States District Court for the Northern District of California, Samsung asserted all companies implementing a standard in its products must seek out and accept a license on FRAND terms.  Yet, when the tables are turned and Samsung finds itself in the position of being the prospective licensee, it now refuses to license Ericsson's standard-essential portfolio at FRAND rates.

9.      FRAND licensing is a two-way street.  Contrary to Samsung's behavior, patent licensing under FRAND terms does not change from one day to the next depending on whether a company finds itself aligned as a licensor or licensee.  Instead, FRAND

licensing requires that both the licensor is fair and reasonable in providing licensing terms and the licensee is fair and reasonable in accepting them. Despite Ericsson's best efforts to negotiate a license, including many alternative FRAND royalty structures and frameworks that Ericsson offered to Samsung, Samsung refuses to renew its license or to cease infringing.

10. Even more egregiously, Samsung has refused to provide Ericsson a license to its allegedly standard-essential patents on FRAND terms. Upon information and belief, Samsung refuses to license Ericsson under any declared standard-essential patents that it owns in an effort to compel Ericsson to license its patent portfolio at a small fraction of the rates that its competitors pay. This position violates Samsung's FRAND commitment.

## ERICSSON

11. Plaintiff Ericsson Inc. is a Delaware corporation having a principal place of business at 6300 Legacy Drive, Plano, Texas 75024.

12. Plaintiff Telefonaktiebolaget LM Ericsson is a corporation organized under the laws of the country of Sweden with its principal place of business at Torshamnsgatan 23, Kista, 164 83 Stockholm Sweden.

13. Ericsson has a long history of innovative technical contributions, including the patents-at-issue in this lawsuit. In addition, some of Ericsson's other accomplishments include:

- in 1878, Ericsson sold its first telephone;
- in 1977, Ericsson introduced the world's first digital telephone exchange;
- in 1981, Ericsson introduced its first mobile telephone system, NMT;
- in 1991, Ericsson launched 2G phones on the world's first 2G network;
- in 1994, Ericsson invented Bluetooth;
- in 2001, Ericsson made the world's first 3G call for Vodafone in the UK; and
- in 2009, Ericsson started the world's first 4G network and made the first 4G call.

14.     Ericsson's innovation continues today and into the future.   Ericsson envisions a connected future, in which there will be more than fifty billion connected devices, all of which will require better networks and greater capacity.   To that end, Ericsson has more than twenty thousand employees working on research and development, much of which is focused on new improvements in wireless and radio access technology.   Ericsson's efforts have resulted in advances in data speeds, improved voice quality, and better network performance.   Ericsson's technological advances do not come cheaply or easily, as Ericsson invests approximately 15% of its budget in research and development costs annually.

## THE DEFENDANTS

15.     Defendant Samsung Electronics Co., Ltd. ("Samsung Electronics") is a corporation organized under the laws of the country of Korea with its principal place of business at Samsung Electronics Building, 1320-10, Seocho 2-dong, Seocho-gu, Seoul 137-857 Korea.   Samsung Electronics manufactures, imports into the United States, sells and/or offers for sale in the United States telephones, base stations, televisions, computers, Blu-Ray players, cameras, and other devices for use in a mobile communications network or a wireless LAN.   In addition, Samsung Electronics's telephones, base stations, televisions, computers, Blu-Ray players, cameras, and other devices for use in a mobile communications network or a wireless LAN are marketed, offered for sale, and/or sold throughout the United States, including within this District.   Samsung Electronics can be served with process by serving the Texas Secretary of State.

16.     On information and belief, Defendant Samsung Electronics America, Inc. ("Samsung Electronics America"), is a corporation organized under the laws of the State of Delaware with its principal place of business at 85 Challenger Road, Ridgefield Park, New

Jersey 07660.  Samsung Electronics America manufactures, imports into the United States, sells and/or offers for sale in the United States telephones, base stations, televisions, computers, Blu-Ray players, cameras, and other devices for use in a mobile communications network or a wireless LAN.  In addition, Samsung Electronics America's telephones, base stations, televisions, computers, Blu-Ray players, cameras, and other devices for use in a mobile communications network or a wireless LAN are marketed, offered for sale, and/or sold throughout the United States, including within this District. Samsung Electronics America can be served with process by serving its registered agent, C T Corporation System, located at 350 N. St. Paul St., Suite 2900, Dallas, Texas 75201-4234.

17.    On information and belief, Defendant Samsung Telecommunications America L.P. ("Samsung Telecommunications"), is a corporation organized under the laws of the State of Delaware with its principal place of business at 1301 E. Lookout Drive, Richardson, Texas 75082.  Samsung Telecommunications manufactures, imports into the United States, sells and/or offers for sale in the United States telephones, base stations, televisions, computers, Blu-Ray players, cameras, and other devices for use in a mobile communications network or a wireless LAN.  In addition, Samsung Telecommunications' telephones, base stations, televisions, computers, Blu-Ray players, cameras, and other devices for use in a mobile communications network or wireless LAN are marketed, offered for sale, and/or sold throughout the United States, including within this District. Samsung Telecommunications can be served with process by serving its registered agent, Corporation Service Company dba CSC - Lawyers Incorporating Service Company, located at 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

## JURISDICTION AND VENUE

18.     This is an action arising under the patent laws of the United States, 35 U.S.C. § 101 *et seq.*  This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).  This Court has supplemental jurisdiction over the state-law claims asserted in this action under 28 U.S.C. § 1367.  The federal and state law claims asserted in this action rise from a common nucleus of operative fact.   This Court also has subject matter jurisdiction under 28 U.S.C. § 1332 over Ericsson's Breach of Contract and Equitable Estoppel claims, which are asserted against Samsung Electronics.

19.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), (c) and (d) and 1400(b).  Ericsson Inc. has its principal place of business within the Eastern District of Texas.

20.     This Court has personal jurisdiction over Defendants.  Defendants have conducted and do conduct business within the State of Texas.  Defendants, directly or through subsidiaries or intermediaries (including distributors, retailers, and others), ship, distribute, offer for sale, sell, and advertise (including the provision of an interactive web page) their products and/or services in the United States, the State of Texas, and the Eastern District of Texas.  Defendants, directly and through subsidiaries or intermediaries (including distributors, retailers, and others), have purposefully and voluntarily placed one or more of their infringing products and/or services, as described below, into the stream of commerce with the expectation that they will be purchased and used by consumers in the Eastern District of Texas.  These infringing products and/or services have been and continue to be purchased and used by consumers in the Eastern District of Texas.  Defendants have committed acts of patent infringement within the State of Texas and, more particularly, within the Eastern District of Texas.

## THE PATENTS

21.     United States Letters Patent No. 6,259,724 ("the '724 Patent"), entitled "Random Access in a Mobile Telecommunications System," was duly and legally issued to inventor Riaz Esmailzadeh on July 10, 2001.  Ericsson owns by assignment the entire right, title, and interest in the '724 Patent, and is entitled to sue for past and future infringement.

22.     United States Letters Patent No. 6,400,376 ("the '376 Patent"), entitled "Display Control for Data Processing Device," was duly and legally issued to inventors Mona Singh and Robert M. Lands on June 4, 2002.  Ericsson owns by assignment the entire right, title, and interest in the '376 Patent, and is entitled to sue for past and future infringement.

23.     United States Letters Patent No. 6,466,568 ("the '568 Patent"), entitled "Multi-Rate Radiocommunication Systems and Terminals," was duly and legally issued to inventors Alex Krister Raith, James Ragsdale, and John Diachina on October 15, 2002. Ericsson owns by assignment the entire right, title, and interest in the '568 Patent, and is entitled to sue for past and future infringement.

24.     United States Letters Patent No. 6,502,063 ("the '063 Patent"), entitled "Method and Apparatus for Recursive Filtering of Parallel Intermittent Streams of Unequally Reliable Time Discrete Data," was duly and legally issued to inventors Sven Eriksson, Anders Furuskär, and Stevan Jäverbring on December 31, 2002.  Ericsson owns by assignment the entire right, title, and interest in the '063 Patent, and is entitled to sue for past and future infringement.

25.     United States Letters Patent No. 6,597,787 ("the '787 Patent"), entitled "Echo Cancellation Device for Cancelling Echos in a Transceiver Unit," was duly and legally issued to inventors Ulf Lindgren, Mohan Misra, and John Philipsson on July 22, 2003.  Ericsson owns by assignment the entire right, title, and interest in the '787 Patent, and is entitled to sue for past and future infringement.

26.     United States Letters Patent No. 6,732,069 ("the '069 Patent"), entitled "Linear Predictive Analysis-by-Synthesis Encoding Method and Coder," was duly and legally issued to inventors Erik Ekudden and Roar Hagen on May 4, 2004.  Ericsson owns by assignment the entire right, title, and interest in the '069 Patent, and is entitled to sue for past and future infringement.

27.     United States Letters Patent No. 6,865,233 ("the '233 Patent"), entitled "Method and System for Control Signalling Enabling Flexible Link Adaptation in a Radiocommunication System," was duly and legally issued to inventors Stefan Ericsson, Anders Furuskär, Stevan Jäverbring, and Mattias Wallman on March 8, 2005.  Ericsson owns by assignment the entire right, title, and interest in the '233 Patent, and is entitled to sue for past and future infringement.

28.     United States Letters Patent No. 6,985,474 ("the '474 Patent"), entitled "Random Access in a Mobile Telecommunications System," was duly and legally issued to inventors Erik Dahlman, Maria Gustafsson, and Per Beming on January 10, 2006.  Ericsson owns by assignment the entire right, title, and interest in the '474 Patent, and is entitled to sue for past and future infringement.

29.     United States Letters Patent No. 7,660,417 ("the '417 Patent"), entitled "Enhanced Security Design for Cryptography in Mobile Communication Systems," was

duly and legally issued to inventors Rolf Blom, Näslund Mats, and Jari Arkko on February 9, 2010.  Ericsson owns by assignment the entire right, title, and interest in the '417 Patent, and is entitled to sue for past and future infringement.

30.     United States Letters Patent No. 7,707,592 ("the '592 Patent"), entitled "Mobile Terminal Application Subsystem and Access Subsystem Architecture Method and System," was duly and legally issued to inventors Anders Wesslén, William J. Croughwell and Sebastian Weber on April 27, 2010.  Ericsson owns by assignment the entire right, title, and interest in the '592 Patent, and is entitled to sue for past and future infringement.

31.     United States Letters Patent No. 7,769,078 ("the '078 Patent"), entitled "Apparatus, Methods, and Computer Program Products for Delay Selection in a Spread-Spectrum Receiver," was duly and legally issued to inventors Douglas Cairns, Ali S. Khayrallah, and Gregory E. Bottomly on August 3, 2010.  Ericsson owns by assignment the entire right, title, and interest in the '078 Patent, and is entitled to sue for past and future infringement.

32.     United States Letters Patent No. 7,961,709 ("the '709 Patent"), entitled "Secondary Synchronization Sequences for Cell Group Detection in a Cellular Communications System," was duly and legally issued to inventors Bengt Lindoff, Robert Baldemair, and Erik Dahlman on June 14, 2011.  Ericsson owns by assignment the entire right, title, and interest in the '709 Patent, and is entitled to sue for past and future infringement.

33.     United States Letters Patent No. 8,036,150 ("the '150 Patent"), entitled "Method and a Device for Improved Status Reports," was duly and legally issued to inventors Michael Meyer, Johan Torsner, and Henning Wiemann on October 11, 2011.

Ericsson owns by assignment the entire right, title, and interest in the '150 Patent, and is entitled to sue for past and future infringement.

## FACTUAL BACKGROUND

34.     The '724, '376, '568, '063, '787, '069, '233, '474, '417, '592, '078, '709, and '150 Patents (collectively, "the Ericsson Patents") cover inventions relating to telephones, base stations, televisions, computers, Blu-Ray players, cameras, and other devices for use in a wireless network.

35.     The Defendants have made, used, imported into the United States, marketed, offered for sale and/or sold in the United States, telephones, base stations, televisions, computers, Blu-Ray players, cameras, and other devices for use in a wireless network that infringe the Ericsson Patents, or induce or contribute to the infringement of the Ericsson Patents by others.

36.     The Defendants have been placed on actual notice of the Ericsson Patents. At minimum, the filing of this Complaint also constitutes notice in accordance with 35 U.S.C. § 287.  Despite such notice, the Defendants continue to import into, market, offer for sale and/or sell in the United States products that infringe the Ericsson Patents. In addition, Samsung has previously licensed one or more of the Ericsson Patents, and in its renewal negotiations Ericsson has given Samsung renewed notice of infringement.

## COUNT I.

## CLAIM FOR PATENT INFRINGEMENT OF THE '724 PATENT

37.     Ericsson repeats and realleges the allegations in paragraphs 1-36 as though fully set forth herein.

38.     Defendants have infringed, contributed to the infringement of, and/or induced infringement of the '724 Patent by making, using, selling, offering for sale, or

importing into the United States, or by intending that others make, use, import into, offer

for sale, or sell in the United States, products and/or methods covered by one or more

claims of the '724 Patent including, but not limited to, cellular telephones, tablet

computers, and/or other devices with wireless capabilities, components thereof and

products containing the same.  The accused wireless communication devices that infringe

the one or more claims of the '724 Patent include, but are not limited to, at least the GT-

I9020A, SGH-A157, SGH-A667, SGH-I777, SGH-I897, SGH-A687, SGH-A797, SGH-

I927, SGH-I717, SGH-I997, SGH-T759, SGH-T839, SGH-T959, and SGH-T959V.

Further discovery may reveal additional infringing products and/or models.

39.    Defendants' infringement of the '724 Patent has been willful.   Upon

information and belief, Defendants knew or should have known their actions would cause

direct infringement of the '724 Patent and did so with intent to encourage direct

infringement.  Defendants were previously the beneficiaries of a license and/or a covenant

not to sue with respect to the '724 Patent.  Moreover, the '724 Patent, *inter alia*, was

presented to Samsung during licensing negotiations in the months before the filing of this

lawsuit.  Defendants' continued infringement of the '724 Patent has damaged and will

continue to damage Ericsson.

## COUNT II.

## CLAIM FOR PATENT INFRINGEMENT OF THE '376 PATENT

40.    Ericsson repeats and realleges the allegations in paragraphs 1-39 as though

fully set forth herein.

41.    Defendants have infringed, contributed to the infringement of, and/or

induced infringement of the '376 Patent by making, using, selling, offering for sale, or

importing into the United States, or by intending that others make, use, import into, offer

McKool 396259v5

for sale, or sell in the United States, products and/or methods covered by one or more claims of the '376 Patent including, but not limited to, tablet computers and/or other devices with wireless capabilities, components thereof and products containing the same. The accused wireless communication devices that infringe the one or more claims of the '376 Patent include, but are not limited to, at least the GT-I9020A, SCH-I100, SCH-I110, SCH-I200, SCH-I400, SCH-I405, SCH-I405U, SCH-I500 "Mesmerize," SCH-I500 "Showcase," SCH-I500 "Fascinate," SCH-I510, SCH-I515, SCH-I535, SCH-I605, SCH-L710, SCH-M828C, SCH-R530, SCH-R680, SCH-R720 "Admire," SCH-R720 "Vitality," SCH-R730, SCH-R760, SCH-R880, SCH-R910, SCH-R915, SCH-R920, SCH-R930, SCH-R940, SCH-R950, SCH-S720C, SCH-S950C, SGH-I317, SGH-I547, SGH-I577, SGH-I727, SGH-I827, SGH-I847, SGH-I857, SGH-I897, SGH-I927, SGH-I997, SGH-S959G, SGH-T499, SGH-T589, SGH-T679, SGH-T669, SGH-T759, SGH-T769, SGH-T839, SGH-T879, SGH-T889, SGH-T939, SGH-T959, SGH-T959V, SGH-T989, SGH-T999, SPH-D600, SPH-D700, SPH-D710, SPH-D720, SPH-L710, SPH-L900, SPH-M580, SPH-M820, SPH-M830, SPH-M900, SPH-M920, SPH-M930, SPH-M950, SCH-I905, GT-P7510, SGH-I957, SGH-I987, SCH-I800, GT-P6210, GT-P7310, GT-P1010, SGH-T869, SGH-T859, SGH-T849, SPH-P100, SCH-I815, Galaxy Player 3.6 (TP-GS1CB), Galaxy Player 4.0 (YP-G1CWY), Galaxy Player 4.2 (YP-GI1C/NA), and Galaxy Player 5.0 (YP-G70C/NAW).  Further discovery may reveal additional infringing products and/or models.

42.     Defendants' infringement of the '376 Patent has been willful.  Upon information and belief, Defendants knew or should have known their actions would cause direct infringement of the '376 Patent and did so with intent to encourage direct

infringement.  Defendants were previously the beneficiaries of a license and/or a covenant

not to sue with respect to the '376 Patent.  Defendants' continued infringement of the '376

Patent has damaged and will continue to damage Ericsson.

## COUNT III.

## CLAIM FOR PATENT INFRINGEMENT OF THE '568 PATENT

43.     Ericsson repeats and realleges the allegations in paragraphs 1-42 as though

fully set forth herein.

44.     Defendants have infringed, contributed to the infringement of, and/or

induced infringement of the '568 Patent by making, using, selling, offering for sale, or

importing into the United States, or by intending that others make, use, import into, offer

for sale, or sell in the United States, products and/or methods covered by one or more

claims of the '568 Patent including, but not limited to, cellular telephones, tablet

computers, base stations, televisions, computers, Blu-Ray players, cameras, and/or other

devices with wireless capabilities, components thereof and products containing the same.

The accused devices that infringe the one or more claims of the '568 Patent include, but

are not limited to, at least the GT-I9020A, SCH-I110 "Illusion," SCH-I110 "Proclaim,"

SCH-I200, SCH-I400, SCH-I405, SCH-I405U, SCH-I500 "Mesmerize," SCH-I500

"Showcase," and SCH-I500 "Fascinate," SCH-I510, SCH-I515, SCH-I535, SCH-I605,

SCH-L710, SCH-M828C, SCH-R390C "Comment 2," SCH-R390C "Freeform 4," SCH-

R530, SCH-R680, SCH-R730, SCH-R760, SCH-R910, SCH-R915, SCH-R930, SCH-

R940, SCH-R950, SCH-S720C, SCH-S950C, SGH-I317, SGH-I547, SGH-I557, SGH-

I667, SGH-I677, SGH-I717, SGH-I727, SGH-I747, SGH-I777, SGH-I827, SGH-I847,

SGH-I857, SGH-I897, SGH-I917, SGH-I927, SGH-I937, SGH-I997, SGH-S959G, SGH-

T499, SGH-T589, SGH-T679, SGH-T699, SGH-T759, SGH-T769, SGH-T839, SGH-

T879, SGH-T889, SGH-T959, SGH-T959V, SGH-T999, SPH-D600, SPH-D700, SPH-D710, SPH-D720, SPH-L300, SPH-L710, SPH-L900, SPH-M580, SPH-M820, SPH-M830, SPH-M920, SPH-M930, SPH-M950, SCH-I815, GT-P6210, SGH-T869, GT-P1010, SCH-I800, SGH-T849, SPH-P100, SGH-I987, SCH-I705, GT-P3113, GT-P5113, SGH-I957, SCH-I905, GT-P7510, GT-P7310, SGH-T859, GT-N8013ZWYXAR, GT-N8013; Samsung's LED 8000 Series television, LED 7550 Series television, LED 7500 Series television, LED 7150 Series television, LED 7100 Series television, LED 6900 Series television, LED 6550 Series television, LED 6500 Series television, LED 6150 Series television, LED 6100 Series television, LED 6070 Series television, LED 5300 Series television, Plasma 8000 Series television, Plasma 7000 Series television, Plasma 6500 Series television, Plasma 550 Series television, and Plasma 490 Series television; Samsung's BD-C7900 Series, BD-C8000 Series, BD-C7500 Series, BD-C6900 Series, BD-C6800 Series, BD-C6500 Series, BD-D7500 Series, BD-D7000 Series, BD-D6700 Series, BD-D6500 Series, BD-D5700 Series, BD-E6500 Series, BD-E5900 Series, BD-E5700 Series, BD-ES6000 Series, BD-EM59C, and BD-Em57C Blu-Ray players; Samsung's Series 3 notebook computers, Series 5 notebook computers, Series 7 notebook computers, Series 9 notebook computers, and Chromebook Series 5 notebook computers; Series 3 Chromebox computers, Samsung's DP700A3B computer, Series 7 Slate tablets; Samsung's Galaxy Player 3.6 (TP-GS1CB), Galaxy Player 4.0 (YP-G1CWY), Galaxy Player 4.2 (YP-GI1C/NA), Galaxy Player 5.0 (YP-G70C/NAW); Samsung's WB150F camera, DV300F camera, and SH100 camera.  Further discovery may reveal additional infringing products and/or models.

45.     Defendants' infringement of the '568 Patent has been willful.   Upon information and belief, Defendants knew or should have known their actions would cause direct infringement of the '568 Patent and did so with intent to encourage direct infringement.  Defendants were previously the beneficiaries of a license and/or a covenant not to sue with respect to the '568 Patent.  Defendants' continued infringement of the '568 Patent has damaged and will continue to damage Ericsson.

## COUNT IV.

## CLAIM FOR PATENT INFRINGEMENT OF THE '063 PATENT

46.     Ericsson repeats and realleges the allegations in paragraphs 1-45 as though fully set forth herein.

47.     Defendants have infringed, contributed to the infringement of, and/or induced infringement of the '063 Patent by making, using, selling, offering for sale, or importing into the United States, or by intending that others make, use, import into, offer for sale, or sell in the United States, products and/or methods covered by one or more claims of the '063 Patent including, but not limited to, cellular telephones, tablet computers, base stations, and/or other devices with wireless capabilities, components thereof and products containing the same.  The accused wireless communication devices that infringe the one or more claims of the '063 Patent include, but are not limited to, at least the GT-I9020A, SCH-I535, SCH-R680, SCH-R850, SCH-U810, SCH-A137, SGH-A637, SGH-A657, SGH-A687, SGH-A697, SGH-A767, SGH-A777, SGH-A797, SGH-A837, SGH-A867, SGH-A877, SGH-A887, SGH-A897, SGH-A927, SGH-I317, SGH-I547, SGH-I577, SGH-I617, SGH-I627, SGH-I637, SGH-I667, SGH-I717, SGH-I727, SGH-I747, SGH-I777, SGH-I827, SGH-I847, SGH-I857, SGH-I897, SGH-I907, SGH-I917, SGH-I927, SGH-I937, SGH-I997, SGH-T119, SGH-T359, SGH-T469, SGH-T479,

SGH-T499, SGH-T559, SGH-T589, SGH-T659, SGH-T669, SGH-T679, SGH-T749, SGH-T759, SGH-T769, SGH-T839, SGH-T879, SGH-T889, SGH-T919, SGH-T929, SGH-T939, SGH-T959, SGH-T959V, SGH-T989, SGH-T999, and SPH-I350.   Further discovery may reveal additional infringing products and/or models.

48.     Defendants' infringement of the '063 Patent has been willful.   Upon information and belief, Defendants knew or should have known their actions would cause direct infringement of the '063 Patent and did so with intent to encourage direct infringement.  Defendants were previously the beneficiaries of a license and/or a covenant not to sue with respect to the '063 Patent.   Moreover, the '063 Patent, *inter alia*, was presented to Samsung during licensing negotiations in the months before the filing of this lawsuit.  Defendants' continued infringement of the '063 Patent has damaged and will continue to damage Ericsson.

## COUNT V.

### CLAIM FOR PATENT INFRINGEMENT OF THE '787 PATENT

49.     Ericsson repeats and realleges the allegations in paragraphs 1-48 as though fully set forth herein.

50.     Defendants have infringed, contributed to the infringement of, and/or induced infringement of the '787 Patent by making, using, selling, offering for sale, or importing into the United States, or by intending that others make, use, import into, offer for sale, or sell in the United States, products and/or methods covered by one or more claims of the '787 Patent including, but not limited to, cellular telephones, tablet computers, base stations, and/or other devices with wireless capabilities, components thereof and products containing the same.  The accused wireless communication devices that infringe the one or more claims of the '787 Patent include, but are not limited to, at

least the Samsung Captivate Galaxy S (SGH-I897).   Further discovery may reveal additional infringing products and/or models.

51.     Defendants' infringement of the '787 Patent has been willful.   Upon information and belief, Defendants knew or should have known their actions would cause direct infringement of the '787 Patent and did so with intent to encourage direct infringement.   Defendants were previously the beneficiaries of a license and/or a covenant not to sue with respect to the '787 Patent.   Defendants' continued infringement of the '787 Patent has damaged and will continue to damage Ericsson.

## COUNT VI.

## CLAIM FOR PATENT INFRINGEMENT OF THE '069 PATENT

52.     Ericsson repeats and realleges the allegations in paragraphs 1-51 as though fully set forth herein.

53.     Defendants have infringed, contributed to the infringement of, and/or induced infringement of the '069 Patent by making, using, selling, offering for sale, or importing into the United States, or by intending that others make, use, import into, offer for sale, or sell in the United States, products and/or methods covered by one or more claims of the '069 Patent including, but not limited to, cellular telephones, tablet computers, base stations, and/or other devices with wireless capabilities, components thereof and products containing the same.   The accused wireless communication devices that infringe the one or more claims of the '069 Patent include, but are not limited to, at least the GT-I9020A, SCH-I535, SCH-R680, SCH-R850, SCH-U810, SCH-A137, SGH-A637, SGH-A657, SGH-A687, SGH-A697, SGH-A767, SGH-A777, SGH-A797, SGH-A837, SGH-A867, SGH-A877, SGH-A887, SGH-A897, SGH-A927, SGH-I317, SGH-I547, SGH-I577, SGH-I617, SGH-I627, SGH-I637, SGH-I667, SGH-I717, SGH-I727,

SGH-I747, SGH-I777, SGH-I827, SGH-I847, SGH-I857, SGH-I897, SGH-I907, SGH-I917, SGH-I927, SGH-I937, SGH-I997, SGH-T119, SGH-T359, SGH-T469, SGH-T479, SGH-T499, SGH-T559, SGH-T589, SGH-T659, SGH-T669, SGH-T679, SGH-T749, SGH-T759, SGH-T769, SGH-T839, SGH-T879, SGH-T889, SGH-T919, SGH-T929, SGH-T939, SGH-T959, SGH-T959V, SGH-T989, SGH-T999, and SPH-I350.   Further discovery may reveal additional infringing products and/or models.

54.     Defendants' infringement of the '069 Patent has been willful.   Upon information and belief, Defendants knew or should have known their actions would cause direct infringement of the '069 Patent and did so with intent to encourage direct infringement.   Defendants were previously the beneficiaries of a license and/or a covenant not to sue with respect to the '069 Patent.   Moreover, the '069 Patent, *inter alia*, was presented to Samsung during licensing negotiations in the months before the filing of this lawsuit.   Defendants' continued infringement of the '069 Patent has damaged and will continue to damage Ericsson.

**COUNT VII.**

**CLAIM FOR PATENT INFRINGEMENT OF THE '233 PATENT**

55.     Ericsson repeats and realleges the allegations in paragraphs 1-54 as though fully set forth herein.

56.     Defendants have infringed, contributed to the infringement of, and/or induced infringement of the '233 Patent by making, using, selling, offering for sale, or importing into the United States, or by intending that others make, use, import into, offer for sale, or sell in the United States, products and/or methods covered by one or more claims of the '233 Patent including, but not limited to, cellular telephones, tablet computers, base stations, and/or other devices with wireless capabilities, components

thereof and products containing the same.  The accused wireless communication devices that infringe the one or more claims of the '233 Patent include, but are not limited to, at least the GT-I9020A, SCH-I535, SCH-R680, SCH-R850, SCH-U810, SCH-A137, SGH-A637, SGH-A657, SGH-A687, SGH-A697, SGH-A767, SGH-A777, SGH-A797, SGH-A837, SGH-A867, SGH-A877, SGH-A887, SGH-A897, SGH-A927, SGH-I317, SGH-I547, SGH-I577, SGH-I617, SGH-I627, SGH-I637, SGH-I667, SGH-I717, SGH-I727, SGH-I747, SGH-I777, SGH-I827, SGH-I847, SGH-I857, SGH-I897, SGH-I907, SGH-I917, SGH-I927, SGH-I937, SGH-I997, SGH-T119, SGH-T359, SGH-T469, SGH-T479, SGH-T499, SGH-T559, SGH-T589, SGH-T659, SGH-T669, SGH-T679, SGH-T749, SGH-T759, SGH-T769, SGH-T839, SGH-T879, SGH-T889, SGH-T919, SGH-T929, SGH-T939, SGH-T959, SGH-T959V, SGH-T989, SGH-T999, and SPH-I350.  Further discovery may reveal additional infringing products and/or models.

57.   Defendants' infringement of the '233 Patent has been willful.  Upon information and belief, Defendants knew or should have known their actions would cause direct infringement of the '233 Patent and did so with intent to encourage direct infringement.  Defendants were previously the beneficiaries of a license and/or a covenant not to sue with respect to the '233 Patent.  Moreover, the '233 Patent, *inter alia*, was presented to Samsung during licensing negotiations in the months before the filing of this lawsuit.  Defendants' continued infringement of the '233 Patent has damaged and will continue to damage Ericsson.

## COUNT VIII.

### CLAIM FOR PATENT INFRINGEMENT OF THE '474 PATENT

58.   Ericsson repeats and realleges the allegations in paragraphs 1-57 as though fully set forth herein.

59.    Defendants have infringed, contributed to the infringement of, and/or induced infringement of the '474 Patent by making, using, selling, offering for sale, or importing into the United States, or by intending that others make, use, import into, offer for sale, or sell in the United States, products and/or methods covered by one or more claims of the '474 Patent including, but not limited to, cellular telephones, tablet computers, base stations, and/or other devices with wireless capabilities, components thereof and products containing the same.  The accused wireless communication devices that infringe the one or more claims of the '474 Patent include, but are not limited to, at least the GT-I9020A, SCH-I200, SCH-I405, SCH-I405U, SCH-I510, SCH-I515, SCH-I535, SCH-I605, SCH-L710, SCH-R530, SCH-R900, SCH-R910, SCH-R915, SCH-R920, SCH-R930, SCH-R940, SCH-R950, SGH-A157, SGH-A667, SGH-A687, SGH-A797, SGH-I317, SGH-I547, SGH-I577, SGH-I667, SGH-I717, SGH-I727, SGH-I747, SGH-I777, SGH-I897, SGH-I927, SPH-L710, SGH-I957, SCH-I905, SCH-I815, SGH-T759, SGH-T839, SGH-T879, SGH-T889, SPH-L300, SGH-T959V, SPH-L900, and the Samsung Evolved Node B Macrocell, Evolved Node B U-RAS Compact, Evolved Node B Picocell, and Evolved Node B Femtocell.  Further discovery may reveal additional infringing products and/or models.

60.    Defendants' infringement of the '474 Patent has been willful.  Upon information and belief, Defendants knew or should have known their actions would cause direct infringement of the '474 Patent and did so with intent to encourage direct infringement.  Defendants were previously the beneficiaries of a license and/or a covenant not to sue with respect to the '474 Patent.  Defendants' continued infringement of the '474 Patent has damaged and will continue to damage Ericsson.

## COUNT IX.

## CLAIM FOR PATENT INFRINGEMENT OF THE '417 PATENT

61.     Ericsson repeats and realleges the allegations in paragraphs 1-60 as though fully set forth herein.

62.     Defendants have infringed, contributed to the infringement of, and/or induced infringement of the '417 Patent by making, using, selling, offering for sale, or importing into the United States, or by intending that others make, use, import into, offer for sale, or sell in the United States, products and/or methods covered by one or more claims of the '417 Patent including, but not limited to, cellular telephones, tablet computers, base stations, and/or other devices with wireless capabilities, components thereof and products containing the same.  Defendants' wireless communication devices that infringe the claims of the '417 Patent include, but are not limited to, at least the Samsung SCH-I200, SCH-I405, SCH-I405U, SCH-I510, SCH-I515, SCH-I535, SCH-I605, SCH-L710, SCH-R530, SCH-R900, SCH-R910, SCH-R915, SCH-R920, SCH-R930, SCH-R940, SCH-R950, SGH-I317, SGH-I547, SGH-I577, SGH-I667, SGH-I717, SGH-I727, SGH-I747, SGH-I897, SGH-T879, SGH-T889, SPH-L300, SPH-L710, SPH-L900, SGH-I957, SCH-I905, SCH-I815, and the Samsung Evolved Node B Macrocell, Evolved Node B U-RAS Compact, Evolved Node B Picocell, and Evolved Node B Femtocell.  Further discovery may reveal additional infringing products and/or models.

63.     Defendants' infringement of the '417 Patent has been willful.  Upon information and belief, Defendants knew or should have known their actions would cause direct infringement of the '417 Patent and did so with intent to encourage direct infringement.  Defendants were previously the beneficiaries of a license and/or a covenant

not to sue with respect to the '417 Patent.  Defendants' continued infringement of the '417

Patent has damaged and will continue to damage Ericsson.

**COUNT X.**

**<u>CLAIM FOR PATENT INFRINGEMENT OF THE '592 PATENT</u>**

64.     Ericsson repeats and realleges the allegations in paragraphs 1-63 as though

fully set forth herein.

65.     Defendants have infringed, contributed to the infringement of, and/or

induced infringement of the '592 Patent by making, using, selling, offering for sale, or

importing into the United States, or by intending that others make, use, import into, offer

for sale, or sell in the United States, products and/or methods covered by one or more

claims of the '592 Patent including, but not limited to, cellular telephones, tablet

computers, base stations, and/or other devices with wireless capabilities, components

thereof and products containing the same.  Defendants' wireless communication devices

that infringe the claims of the '592 Patent include, but are not limited to, at least the

Samsung Galaxy S II Skyrocket.   Further discovery may reveal additional infringing

products and/or models.

66.     Defendants' infringement of the '592 Patent has been willful.   Upon

information and belief, Defendants knew or should have known their actions would cause

direct infringement of the '592 Patent and did so with intent to encourage direct

infringement.  Defendants were previously the beneficiaries of a license and/or a covenant

not to sue with respect to the '592 Patent.  Defendants' continued infringement of the '592

Patent has damaged and will continue to damage Ericsson.

McKool 396259v5

## COUNT XI.

## CLAIM FOR PATENT INFRINGEMENT OF THE '078 PATENT

67.     Ericsson repeats and realleges the allegations in paragraphs 1-66 as though fully set forth herein.

68.     Defendants have infringed, contributed to the infringement of, and/or induced infringement of the '078 Patent by making, using, selling, offering for sale, or importing into the United States, or by intending that others make, use, import into, offer for sale, or sell in the United States, products and/or methods covered by one or more claims of the '078 Patent including, but not limited to, cellular telephones, tablet computers, base stations, and/or other devices with wireless capabilities, components thereof and products containing the same.  The accused wireless communication devices that infringe the one or more claims of the '078 Patent include, but are not limited to, at least the Samsung Captivate Galaxy S (SGH-I897).   Further discovery may reveal additional infringing products and/or models.

69.     Defendants' infringement of the '078 Patent has been willful.   Upon information and belief, Defendants knew or should have known their actions would cause direct infringement of the '078 Patent and did so with intent to encourage direct infringement.  Defendants were previously the beneficiaries of a license and/or a covenant not to sue with respect to the '078 Patent.  Defendants' continued infringement of the '078 Patent has damaged and will continue to damage Ericsson.

## COUNT XII.

## CLAIM FOR PATENT INFRINGEMENT OF THE '709 PATENT

70.     Ericsson repeats and realleges the allegations in paragraphs 1-69 as though fully set forth herein.

71.    Defendants have infringed, contributed to the infringement of, and/or induced infringement of the '709 Patent by making, using, selling, offering for sale, or importing into the United States, or by intending that others make, use, import into, offer for sale, or sell in the United States, products and/or methods covered by one or more claims of the '709 Patent including, but not limited to, cellular telephones, tablet computers, base stations, and/or other devices with wireless capabilities, components thereof and products containing the same.  Defendants' wireless communication devices that infringe the claims of the '709 Patent include, but are not limited to, at least the Samsung SCH-I200, SCH-I405, SCH-I405U, SCH-I510, SCH-I515, SCH-I535, SCH-I605, SCH-L710, SCH-R530, SCH-R900, SCH-R910, SCH-R915, SCH-R920, SCH-R930, SCH-R940, SCH-R950, SGH-I317, SGH-I547, SGH-I577, SGH-I667, SGH-I717, SGH-I727, SGH-I747, SGH-I897, SGH-T879, SGH-T889, SPH-L300, SPH-L710, SPH-L900, SGH-I957, SCH-I905, SCH-I815, and the Samsung Evolved Node B Macrocell, Evolved Node B U-RAS Compact, Evolved Node B Picocell, and Evolved Node B Femtocell.  Further discovery may reveal additional infringing products and/or models.

72.    Defendants' infringement of the '709 Patent has been willful.  Upon information and belief, Defendants knew or should have known their actions would cause direct infringement of the '709 Patent and did so with intent to encourage direct infringement.  Defendants were previously the beneficiaries of a license and/or a covenant not to sue with respect to the '709 Patent.  Defendants' continued infringement of the '709 Patent has damaged and will continue to damage Ericsson.

## COUNT XIII.

## CLAIM FOR PATENT INFRINGEMENT OF THE '150 PATENT

73.     Ericsson repeats and realleges the allegations in paragraphs 1-72 as though fully set forth herein.

74.     Defendants have infringed, contributed to the infringement of, and/or induced infringement of the '150 Patent by making, using, selling, offering for sale, or importing into the United States, or by intending that others make, use, import into, offer for sale, or sell in the United States, products and/or methods covered by one or more claims of the '150 Patent including, but not limited to, cellular telephones, tablet computers, base stations, and/or other devices with wireless capabilities, components thereof and products containing the same.  Defendants' wireless communication devices that infringe the claims of the '150 Patent include, but are not limited to, at least the Samsung GT-I9020A, SCH-I200, SCH-I405, SCH-I405U, SCH-I510, SCH-I515, SCH-I535, SCH-I605, SCH-L710, SCH-R530, SCH-R900, SCH-R910, SCH-R915, SCH-R920, SCH-R930, SCH-R940, SCH-R950, SGH-A157, SGH-A667, SGH-A687, SGH-A797, SGH-I317, SGH-I547, SGH-I577, SGH-I667, SGH-I717, SGH-I727, SGH-I747, SGH-I777, SGH-I897, SGH-I927, SPH-L710, SGH-I957, SCH-I905, SCH-I815, SGH-T759, SGH-T839, SGH-T879, SGH-T889, SPH-L300, SGH-T959V, SPH-L900, and the Samsung Evolved Node B Macrocell, Evolved Node B U-RAS Compact, Evolved Node B Picocell, and Evolved Node B Femtocell.   Further discovery may reveal additional infringing products and/or models.

75.     Defendants' infringement of the '150 Patent has been willful.   Upon information and belief, Defendants knew or should have known their actions would cause direct infringement of the '150 Patent and did so with intent to encourage direct

infringement.  Defendants were previously the beneficiaries of a license and/or a covenant

not to sue with respect to the '150 Patent.  Defendants' continued infringement of the '150

Patent has damaged and will continue to damage Ericsson.

### COUNT XIV.

### **BREACH OF CONTRACT**

76.     Ericsson repeats and realleges the allegations in Paragraphs 1-75 as though

fully set forth herein.

77.     Samsung is a member of the European Telecommunications Standards

Institute ("ETSI") and the Third Generation Partnership Project ("3GPP"), which are

standards-setting organizations responsible for standardization of information and

communication technologies for the benefit of their members and third parties.

78.     Samsung Electronics has declared, asserted and/or otherwise represented to

ETSI that certain of Samsung Electronics's patents are essential to compliance with

standards promulgated by ETSI and 3GPP ("Samsung Electronics's Allegedly Standard-

Essential Patents").

79.     As a member of ETSI, and to comply with ETSI's Intellectual Property

Rights ("IPR") Policy, Samsung Electronics represented to ETSI, ETSI members, and third

parties that it would grant irrevocable licenses to certain of Samsung Electronics's patents,

including but not limited to Samsung Electronics's Allegedly Standard-Essential Patents

on fair, reasonable, and non-discriminatory ("FRAND") terms and conditions.  The ETSI

IPR Policy specifies that it "shall be governed by the laws of France."  Clause 12.  As a

member of 3GPP, Samsung is bound to comply with the ETSI IPR Policy in regard to any

patents essential to 3GPP standards.

McKool 396259v5

80.    Samsung Electronics's ETSI membership and other activities, including the declarations it made to comply with ETSI's IPR Policy, created an express and/or implied contract with ETSI, ETSI members, and/or third parties that Samsung Electronics would license its patents on FRAND terms and conditions for certain of the Samsung Electronics's patents, including but not limited to Samsung Electronics's Allegedly Standard-Essential Patents.

81.    Samsung Electronics has refused to grant Ericsson a license to certain of Samsung Electronics's patents, including but not limited to Samsung Electronics's Allegedly Standard-Essential Patents on FRAND terms and conditions.

82.    With respect to any of Samsung Electronics's patent(s) declared, asserted, represented or otherwise found to be standard essential, Samsung Electronics's refusal constitutes a breach of its contractual obligations to 2G and 3G standard bodies, including ETSI and 3GPP, to members thereof, and to third parties.  Ericsson is a third party beneficiary of this promise and has standing to sue for its breach.  Samsung Electronics's breach deprives members and third parties of licenses thereto.

83.    As a proximate result of Samsung Electronics's breach, Ericsson has incurred damages and will be further damaged in the future.

## COUNT XV.

## EQUITABLE ESTOPPEL

84.    Ericsson repeats and realleges the allegations in Paragraphs 1-82 as though fully set forth herein.

85.    In the course of its participation in ETSI, Samsung Electronics represented to ETSI, ETSI members, and third parties that it would grant irrevocable licenses to

Samsung Electronics's Allegedly Standard-Essential Patents on FRAND terms and conditions.

86.     Samsung Electronics's ETSI membership and activities, including the declarations it made to comply with ETSI's IPR Policy for Samsung Electronics's Allegedly Standard-Essential Patents, created a false and misleading impression among ETSI, ETSI members (including Ericsson), and/or third parties that Samsung Electronics would license those patents on FRAND terms and conditions.

87.     In reliance on Samsung Electronics's representations, Ericsson made substantial investments in the research, design, development, manufacture, and marketing of telecommunications equipment and technology.

88.     As a result, Ericsson will be harmed materially if Samsung Electronics is permitted to assert Samsung Electronics's Allegedly Standard-Essential Patents to prevent Ericsson from importing and/or selling telecommunications equipment and technology.

## DEMAND FOR JURY TRIAL

Ericsson hereby demands a jury for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Ericsson respectfully requests that this Court enter judgment in their favor and grant the following relief:

A.     Adjudge that the Defendants infringe the Ericsson Patents;

B.     Adjudge that the Defendants' infringement of the Ericsson Patents was willful, and that Defendants' continued infringement of the Ericsson Patents is willful;

C.      Award Ericsson damages in an amount adequate to compensate Ericsson for the Defendants' infringement of the Ericsson Patents, but in no event less than a reasonable royalty under 35 U.S.C. § 284;

D.      Award enhanced damages by reason of the Defendants' willful infringement of the Ericsson Patents, pursuant to 35 U.S.C. § 284;

E.      Award Ericsson pre-judgment and post-judgment interest to the full extent allowed under the law, as well as its costs;

F.      Enter an order finding that this is an exceptional case and awarding Ericsson its reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

G.      Enter an injunction enjoining Defendants, and all others in active concert with Defendants, from further infringement of the Ericsson Patents;

H.      Adjudge that Samsung Electronics's commitment to license patents they claim are essential to a standard adopted by an industry standard-setting group on FRAND terms is a binding contractual obligation, enforceable by Ericsson;

I.      Adjudge that Samsung Electronics's refusal to provide Ericsson a license on FRAND terms, despite their obligation to do so, is a breach of contract;

J.      Order specific performance, requiring that Samsung Electronics offer Ericsson a license on FRAND terms for any patent claim that Samsung Electronics contends or has alleged in any context is necessary to implement a standard adopted by an industry standard-setting group;

K.      Award Ericsson damages in an amount adequate to compensate Ericsson for the Defendants' breach of contract and equitable estoppel .

L.    Adjudge that any patent claim that Samsung Electronics contends or has alleged in any context is necessary to implement a standard adopted by an industry standard-setting group is unenforceable against Ericsson;

M.    Enter an injunction enjoining Defendants, and all others in active concert with Defendants, from enforcing any patent claim that Samsung Electronics contends or has alleged in any context is necessary to implement a standard adopted by an industry standard-setting group;

N.    Enter an injunction requiring Defendants, and all others in active concert with Defendants, to license any patent claim that Samsung Electronics contends or has alleged in any context is necessary to implement a standard adopted by an industry standard-setting group on fair, reasonable, and non-discriminatory terms to Ericsson;

O.    Order an accounting for damages;

P.    Award a compulsory future royalty for any Ericsson Patent for which an injunction is not entered;

Q.    Award Ericsson attorney's fees based on their breach of contract and equitable estoppel claims; and

R.    Award such other relief as the Court may deem appropriate and just under the circumstances.

Dated:  November 27, 2012

Respectfully submitted,

**MCKOOL SMITH, P.C.**

By:  /s/ Theodore Stevenson III._____

Mike McKool, Jr.
Texas State Bar No. 13732100
mmckool@mckoolsmith.com
Douglas A. Cawley
Texas State Bar No. 04035500
dcawley@mckoolsmith.com
Theodore Stevenson III
Texas State Bar No. 19196650
tstevenson@mckoolsmith.com
300 Crescent Court, Suite 1500
Dallas, Texas  75201
Telephone:  (214) 978-4000
Telecopier:  (214) 978-4044

Sam Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
P.O. Box O
Marshall, Texas 75671
Telephone: (903) 923-9000
Fax: (903) 923-9099

**ATTORNEYS  FOR PLAINTIFFS
ERICSSON INC. and
TELEFONAKTIEBOLAGET LM
ERICSSON**

McKool 396259v5